Fred J. Munder, J.
Plaintiff, a licensed real estate broker, sues for commission on an alleged sale of the defendant’s real property. The complaint alleges that on or about January 29, 1957, the defendant engaged the plaintiff to sell her property under an exclusive agency for a period limited to September 30, 1957; that on April 11, 1957 plaintiff procured a purchaser for $37,000 who paid a $500 deposit and that the defendant “ accepted, in writing, all of the terms of the said offer ”. It was further alleged that thereafter the defendant and the purchaser changed the terms and conditions of the sale by inserting a condition in the contract of sale which was not originally specified and that, without the consent of the plaintiff, the defendant and the purchaser thereafter mutually agreed to cancel the contract.
The plaintiff’s proof showed the original hiring and the sale on a binder prepared'by the plaintiff which was signed only by the defendant. The purchaser signed nothing but the $500 check made to the order of the plaintiff on the reverse side of which, above plaintiff’s indorsement, was written, “ Deposit subject to satisfactory contract to purchaser ”.
For this to be a contract binding on the purchaser under section 259 of the Eeal Property Law the check must form a part of the contract. While the legend on the check “ does not require an exclusive interpretation to the effect that additional material terms of the contract were left to subsequent agreement ” (Price v. Kline, 277 App. Div. 885, 886) the proof in our case clearly shows this to have been the situation.
Consequently, on the complaint as pleaded the plaintiff failed to prove a complete and binding contract which would have entitled him to a commission.
However, the plaintiff, at the end of his case, moved to conform the pleadings to the proof. Decision on that motion was reserved and the motion is now granted. The proof shows that, after the defendant sought to have an unconditional contract signed by the purchaser, the purchaser would and did only sign *69 a contract subject to the following condition: “ Purchaser shall apply to the Town Board of Southold Town or such other board or officer having jurisdiction in the Town of Southold for a permit for the erection upon the premises herein described of a motel. In the event that all reasonable efforts are made by such purchaser to secure such permit and it is denied on or before the 24th day of May, 1957, this contract shall become null and void and of no effect, and the amounts paid on account hereof shall be returned to the purchaser, and neither party shall thereafter be under any liability to the other.”
Thereafter the defendant’s attorney applied for the necessary change of zone and ran into an avalanche of opposition. No official determination was ever made. When by July 8, 1957 no permit was obtained the purchaser requested the return of the down payment, to which request the defendant acceded.
It is observed that no evidence was adduced by plaintiff of any effort on the purchaser’s part “to secure such permit” nor of any application by purchaser to the Town Board therefor.
With the pleadings conformed to the proof there is still a failure of proof on the plaintiff’s part, for, to entitle him to recover, he must establish that he produced a purchaser ready, able and willing to buy. A buyer unwilling to fulfill his part of a conditional contract is not such a purchaser.
Plaintiff seeks to capitalize on the words, “it is denied on or before the 24th of May, 1957 ” but that phrase is predicated on the duty of the purchaser to make and process the application. No proof whatever has been adduced of any act on defendant’s part which prevented the performance of the contract. The converse instead was shown, that is, that the defendant herself sought to satisfy the condition on which full performance depended.
Under these circumstances, the evidence still does not support a recovery by plaintiff.
The complaint is therefore dismissed on the merits. All motions not disposed of by this decision are denied.
This shall constitute the decision of the court in accordance with section 440 of the Civil Practice Act.